Commonwealth *v.* Presogna, Appellant.

Submitted November 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Stephen H. Hutzelman,* for appellant.

*Michael Veshecco,* Second Assistant District Attorney, *Bernard L. Siegel,* First Assistant District Attorney, and *R. Gordon Kennedy,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

The sole issue in this appeal is whether an appellant is entitled to credit for time served on a reversed conviction toward a sentence he is serving on an unrelated charge.

In November, 1971, appellant was found guilty by a jury on a charge of assault and battery. He filed an appeal to this Court, and we reversed, holding that the trial court had erred when it excluded evidence of self-defense on the grounds that the situation did not in-

volve "a threat of death or serious bodily harm." *Commonwealth v. Presogna*, 221 Pa. Superior Ct. 431, 435, 292 A. 2d 476, 478 (1972). Presogna was not retried on the assault and battery charge. At the time of his release, appellant had already served nearly one year of his prison sentence.

On January 23, 1973, appellant entered a plea of guilty to a drug charge. He was sentenced to a term of imprisonment for a period of 23½ months.

The fine and costs which appellant had paid on the assault and battery charges were refunded to him and then applied to the fine and costs on the drug conviction. Appellant filed a Post-Conviction Hearing petition, asking that the time he spent in prison on the assault and battery charge, which was later reversed, be applied to the drug sentence. This petition was dismissed on April 4, 1973, without an evidentiary hearing.

This precise issue is a question of first impression in this Commonwealth. There is only a single statute which provides for the application of time spent in prison to a subsequent conviction. The Act of August 14, 1963, P. L. 841, §1, 19 P.S. §898, provides:

"*§898. Credit, custody prior to sentence*

"Any person who has been convicted of an offense in any court in this Commonwealth and sentenced to a term of imprisonment shall be given credit toward the service of his sentence *for any days spent in custody on this offense* prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail." (Emphasis added.)

In seeking to do justice, this Court has construed the above statutory language to prevent an appellant from being incarcerated for a period greater than the offense requires. In *Commonwealth v. Ulmer*, 211 Pa. Superior Ct. 193, 238 A. 2d 38 (1967), we held that a defendant who served time under an invalid or void sentence for a given offense, and then is sentenced

*for the same acts* on another lesser charge (e.g., aggravated assault and battery reversed, conviction on assault and battery unimpaired) may not "be imprisoned for a period beyond the maximum term which might be imposed for that particular offense." 211 Pa. Superior Ct. at 195. Though the statute provides for credit for time spent "on this offense," we held that the intention of the act was to encompass the situation where an offense is reduced to a lesser charge for the same acts.

In *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa. Superior Ct. 443, 217 A. 2d 772 (1966), this Court rejected Commonwealth's argument that time spent in custody in one state awaiting extradition or being held on charges for a given criminal act should not be credited to a sentence imposed in Pennsylvania on the same charges involving the same acts. We carefully noted, however, that the statute "give[s] credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. *Credit is not given, however, for a commitment by reason of a separate and distinct offense.* See Commonwealth ex rel. Accobacco v. Burke, 162 Pa. Superior Ct. 592, 60 A. 2d 426 (1948); Scasserra v. Commonwealth, 180 Pa. Superior Ct. 16, 118 A. 2d 246 (1955); Commonwealth ex rel. Tyson v. Day, 181 Pa. Superior Ct. 259, 264-265, 124 A. 2d 429 (1956); Commonwealth ex rel. Rogers v. Harris, 180 Pa. Superior Ct. 323, 119 A. 2d 862 (1956); Commonwealth ex rel. Ventura v. Cavell, 186 Pa. Superior Ct. 204, 142 A. 2d 456 (1958)." 207 Pa. Superior Ct. at 445-446. (Emphasis added.)

In the instant case, appellant asks that credit be given not for the same or a lesser included offense, or even for a charge arising from the same or similar acts. Instead, he asks that credit be given to a sentence imposed two years after the first sentence on unrelated circumstances, involving different persons and things,

and constituting an entirely separate and distinct offense. This is not a situation to which our Legislature intended credit to be given, and the express words of the statute belies such an interpretation or application. We shall not act in such a manner as to destroy the Legislative purpose of the statute nor as to reward the criminal thereby diluting society's will as expressed by the judicial process.

The order of the court dismissing appellant's PCHA petition is affirmed.