J-S66033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                  :                PENNSYLVANIA

           Appellee    :
                                    :

              v.             :
                                    :

HECTOR VARGAS-TORRES,          :
                                    :

           Appellant    :          No. 606 MDA 2014

Appeal from the Judgment of Sentence entered on February 18, 2014
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0001748-2013

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED OCTOBER 21, 2014**

Hector Vargas-Torres ("Vargas-Torres") appeals from the judgment of sentence entered after he pled guilty to assault by prisoner.[1] Additionally, Vargas-Torres's court-appointed counsel, John Donovan, Jr., Esquire ("Attorney Donovan"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Attorney Donovan's Petition to Withdraw, and affirm the judgment of sentence.

On November 23, 2012, while Vargas-Torres was an inmate at the State Correctional Institution at Retreat ("SCI-Retreat"), he stabbed a correctional officer with a pen. At the time of the assault, Vargas-Torres was serving a sentence of one to five years for his convictions of resisting arrest,

---

[1] ***See*** 18 Pa.C.S.A. § 2703(a).

disarming a law enforcement officer, and related charges (collectively referred to as "the resisting arrest convictions").

In October 2013, Vargas-Torres pled guilty to assault by prisoner. On February 6, 2014, the trial court sentenced Vargas-Torres to two to four years in prison, to run consecutively to the sentence he was already serving for the resisting arrest convictions. In response, Vargas-Torres filed a Motion for Credit for Time Served, seeking credit for the time he served in SCI-Retreat from the date of the assault, November 23, 2012, to the date of sentencing (a total of 440 days). The trial court denied this Motion on February 18, 2014, after which Vargas-Torres filed a timely Notice of Appeal.

The trial court ordered Vargas-Torres to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Vargas-Torres timely complied. Subsequently, Attorney Donovan filed with this Court an **Anders** Brief and Petition to Withdraw as counsel, opining that the claim that Vargas-Torres wished to raise on appeal was wholly frivolous and that there are no other meritorious issues to be presented.[2]

Before addressing Vargas-Torres's issue on appeal, we must determine whether Attorney Donovan has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must do the following:

---

[2] Vargas-Torres did not retain alternate counsel for this appeal, nor did he file a response to the Petition to Withdraw.

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Once counsel has satisfied the *Anders* requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006) (citation and brackets omitted).

Our review of Attorney Donovan's *Anders* Brief and Petition to Withdraw reveals that he has complied with the requirements of *Anders*/*Santiago*. Additionally, Attorney Donovan has properly (1)

provided Vargas-Torres with a copy of both the **Anders** Brief and Petition to Withdraw; and (2) appended to the Petition to Withdraw a copy of the letter that he sent to Vargas-Torres advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Accordingly, we next examine the record to make an independent determination of whether Vargas-Torres's appeal is, in fact, wholly frivolous.

In the **Anders** Brief, Attorney Donovan explains that Vargas-Torres wishes to challenge the sentencing court's alleged failure to award him credit for the 440 days that he served in custody prior to sentencing in the instant case. **See Anders** Brief at 2. Vargas-Torres's issue implicates the legality of his sentence. **See Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009).

Section 9760 of the Sentencing Code governs credit for time served, and provides, in relevant part, that "[c]redit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S.A. § 9760(1). "A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, *but only if such commitment is on the offense for which sentence is imposed*." **Commonwealth v. Infante**, 63 A.3d 358, 367 (Pa. Super. 2013) (emphasis added) (citing

*Commonwealth v. Miller*, 655 A.2d 1000, 1002 (Pa. Super. 1995) (stating that credit is not given for a commitment by reason of a separate and distinct offense)).

Here, Attorney Donovan, and the trial court in its Pa.R.A.P. 1925(a) Opinion, correctly point out that (1) at the time of the assault in question, Vargas-Torres was already incarcerated and serving his sentence on the unrelated resisting arrest convictions; and (2) he was still serving that sentence at the time he was sentenced in the instant case. *See Anders* Brief at 3; Trial Court Opinion, 5/15/14, at 2 (unnumbered). Moreover, the sentencing court specifically fashioned Vargas-Torres's sentence such that it would not commence until he completed his sentence for the resisting arrest convictions. *See* Trial Court Opinion, 5/15/14, at 2 (unnumbered) (stating that "[o]ur intention was to have [Vargas-Torres] complete his [underlying] sentence before he begins to serve the one imposed on February 6, 2014."); *see also* 18 Pa.C.S.A. § 2703(b) (mandating a consecutive sentence for an offender convicted of assault by prisoner where the victim is a correctional facility employee). Accordingly, Vargas-Torres was clearly not entitled to have this period of presentence incarceration applied towards his sentence for assault by prisoner. *See Infante, supra*; *Miller, supra*.

We conclude that Vargas-Torres's issue lacks merit, and our independent review discloses no non-frivolous issues that he could present

on appeal. Accordingly, we grant Attorney Donovan permission to withdraw under the precepts of **Anders**, and affirm the judgment of sentence.

Petition to Withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014