J-S71043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT FRANK SCHUR | |
| Appellant | No. 1045 WDA 2015 |

Appeal from the Judgment of Sentence June 11, 2015
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000907-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 25, 2016**

Robert Frank Schur appeals from the judgment of sentence imposed on June 11, 2015, in the Court of Common Pleas of Somerset County.  On April 14, 2015, Schur pled guilty to driving under the influence ("DUI"), and driving during suspension (DUI related).[1]  The court sentenced Schur to an aggregate term of 60 days to six months in jail.  On appeal, Schur claims that the trial court failed to properly award him additional credit for time served.  Based upon the following, we affirm.

The underlying facts and procedural history are as follows.  On March 6, 2014, in an unrelated matter, Schur entered guilty pleas and was sentenced on two cases in Montgomery County.  At Docket No. 4723

_____

[1]  75 Pa.C.S. §§ 3802(a)(1) and 1543(b)(1), respectively.

Criminal 2013 ("Docket No. 4723"), he pled guilty to one count of driving under the influence, a first offense, and was sentenced to serve not less than 72 hours nor more than six months in jail. At Docket No. 9071 Criminal 2013 ("Docket No. 9071"), he pled guilty to one count of simple assault and one count of harassment for which he was sentenced to an aggregate sentence of 180 days' supervised probation. On November 19, 2014, he was detained on Docket No. 9071 by the Montgomery County Probation Department. On January 7, 2015, the court revoked his probation and resentenced him to serve 90 to 180 days in jail. Schur was granted 50 days credit for time served and paroled on February 17, 2015.

Turning to the present matter on appeal, on August 20, 2014, Schur was charged with DUI, driving under suspension, and four additional summary offenses in Somerset County. He was committed to jail on December 12, 2014, because he failed to post bail. However, he eventually posted bail on January 16, 2015, and was released. On April 14, 2015, Schur entered pleas of guilty to DUI and driving under suspension. On June 11, 2015, the court sentenced Schur to a term of five days to six months in jail for the DUI charge and a concurrent term of 60 days in jail on the driving under suspension offense.[2] The court also granted Schur credit for time

_____

[2] Additionally, these sentences were to be served concurrent to any other sentence he was then serving.

served in jail from December 12, 2014, until January 6, 2015, for a total of 26 days. The Somerset County adult probation department determined his credit on these sentences ended when he was sentenced on the Montgomery County probation revocation matter on January 7, 2015. This timely appeal followed.[3]

In his sole issue, Schur complains the trial court erred when it only applied 26 days of credit despite the fact that he was held on bail for 68 days. **See** Schur's Brief at 1. Relying on **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008), he argues that since he was being held on a detainer in the Montgomery County case, which amounted to 40 days, the credit must be applied to the new sentence, his Somerset County case. **Id.** at 4-5. Specifically, Schur states:

> Time credit can only be given to a detainer in one of two ways. If the Defendant is only being held because of the detainer, thus does not have a bail for the new charges. Or, if the sentence for the new charges is shorter than the time that Defendant served while on bail. The extra time served can be credited to the detainer.
>
> With the case at hand this would mean that the entire sixty-eight (68) days should be applied as credit for this case since [Schur] was being held on bail for sixty-eight (68) days.

_____

[3] On July 9, 2015, the trial court ordered Schur to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Schur filed a concise statement on July 23, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 4, 2015.

*Id.* at 5. Schur also argues the court incorrectly determined he posted bail on January 16, 2015, stating he remained incarcerated until February 17, 2015. *Id.*

Initially, we note that it is axiomatic that when a defendant enters a guilty plea, he waives the right to challenge on appeal "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). A claim regarding credit for time served is a challenge to the legality of a sentence. ***See Commonwealth v. Tobin***, 89 A.3d 663, 669 (Pa. Super. 2014). "As long as the Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived." ***Commonwealth v. Musau***, 69 A.3d 754, 756 (Pa. Super. 2013) (citation omitted), *appeal denied*, 117 A.3d 296 (Pa. 2015). "Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citation omitted).

The Pennsylvania Sentencing Code provides, with regard to awarding credit for time served, in relevant part as follows:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a

result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

…

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760(1), (4).

The decided cases have held generally that a defendant shall be given "credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense."

***Commonwealth v. Miller***, 655 A.2d 1000, 1002 (Pa. Super. 1995), *quoting*

***Commonwealth ex rel. Bleecher v. Rundle***, 217 A.2d 772, 774 (Pa.

Super. 1966) (citations omitted).

This Court, in ***Commonwealth v. Mann***, 957 A.2d 746 (Pa. Super.

2008), upon which Schur relies, discussed the manner in which credit for

time served was to be apportioned in cases where a defendant is awaiting

trial for new charges while simultaneously awaiting disposition of an alleged

parole/probation violation. The panel in ***Mann*** set forth the following:

"The principle underlying section 9760 is that a defendant should be given credit for time spent **in custody** prior to sentencing for a particular offense." ***Commonwealth v. Fowler***, 930 A.2d

586, 595 (Pa. Super. 2007) (citation omitted) (emphasis in original), *appeal denied,* 944 A.2d 756 (Pa. 2008). "If a defendant ... remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody **shall be credited to his new sentence.**" *Gaito v. Pa. Bd. of Probation & Parole*, 488 Pa. 397, 412, A.2d 568, 571 (1980) (emphasis added). "Where an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement **must be credited** to either the new sentence or the original sentence." *Martin v. Pa. Bd. of Probation & Parole*, 576 Pa. 588, 840 A.2d 299, 309 (2003).

*Commonwealth v. Mann*, 957 A.2d at 749 (emphasis in original).[4]

Here, the trial court found the following:

[O]ur independent review of the record leads us to the conclusion that the time credit awarded at the time of sentencing was appropriate. To accept [Schur]'s allegation that he is entitled to additional credit would require us to grant credit for a portion of the time for which he had already received credit on the Montgomery County probation revocation sentences, despite the fact that he was released on bond in this matter. To do so would clearly contravene the terms of the statute.

Trial Court Opinion, 8/6/2015, at 3.

We agree with the court's determination. The record reveals the following: On November 19, 2014, he was placed on a detainer in the

_____

[4] The *Mann* decision further stated:

[I]f a defendant is being held in custody **solely** because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence.

*Id*. at 750 (*citing Gaito*, *supra*) (emphasis in original).

- 6 -

Montgomery County case. On December 12, 2014, Schur was incarcerated because he failed to post bond in the Somerset County matter. On January 7, 2015, his probation was revoked and he was resentenced in the Montgomery County case.[5] He was subsequently paroled in that matter on February 7, 2015.

Contrary to Schur's argument, Schur was no longer being held in custody on a detainer in the Montgomery County case as of January 7, 2015, because his probation was revoked and he was re-sentenced on that date.[6] As such, pursuant to Section 9760(4), he was not entitled to have the 40-day incarceration period, lasting from January 7, 2015, until his release on February 17, 2015, be applied to the Somerset County matter. Accordingly, the trial court properly determined he was only entitled to 26 days of credit for time served (from December 12, 2014, the date Schur was incarcerated because he failed to post bond in the Somerset County matter, to January 7,

_____

[5] **See** N.T., 6/11/2015, at 8-9 ([Probation Officer] Custer: "Your Honor, [Schur] was detained in Montgomery County on a probation violation. He was revoked and re-sentenced on January 7th. He began serving his sentence of 90 days to 180 days. He cannot be granted credit for time that he is serving a sentence. That wasn't being detained. He was serving that sentence at that point. So that credit would have stopped in that case whether he made bail or not.").

[6] Accordingly, **Mann** is distinguishable from the present matter because Schur was no longer in custody pursuant to a detainer. Nevertheless, we do note the trial court did give Schur credit for time served in the present case even though he had been on the Montgomery County detainer since November 19, 2014. Therefore, pursuant to **Mann**, Schur did receive the relief he is now requesting.

2015, the date when he was resentenced in the Montgomery County matter).  Therefore, Schur's sole argument on appeal fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/25/2016