J-S24004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                            :  PENNSYLVANIA

          v.  :

ANDREW CHEWEY, IV,  :

          Appellant  :  No. 700 MDA 2015

Appeal from the Judgment of Sentence March 9, 2015
in the Court of Common Pleas of Luzerne County,
Criminal Division, No(s): CP-40-CR-0001506-2014;
CP-40-CR-0001508-2014; CP-40-CR-0001672-2013;
CP-40-CR-0003298-2013; CP-40-CR-0003572-2013;
CP-40-CR-0003607-2013; CP-40-CR-0003669-2013;
CP-40-CR-0003900-2013; CP-40-CR-0003901-2013;
CP-40-CR-0003902-2013 CP-40-CR-0003903-2013

BEFORE: GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED MAY 23, 2016**

Andrew Chewey, IV ("Chewey"), appeals from the judgment of

sentence entered following his guilty plea to three counts of theft from a

motor vehicle, two counts each of receiving stolen property (theft of a motor

vehicle), criminal trespass, theft by unlawful taking, burglary and criminal

attempt (burglary), and one count each of theft by unlawful taking and

possession of drug paraphernalia.[1]  We affirm.

On January 8, 2015, Chewey entered a guilty plea to the above-

referenced charges.  On March 9, 2015, the trial court sentenced Chewey to

an aggregate prison term of six to twelve years.  The trial court directed that

---

[1] 18 Pa.C.S.A. §§ 3903, 3925 , 3503, 3921, 3502, 901, 3921; 35 P.S.
§ 780-113(a)(32).

the sentence was to be served concurrent with a sentence that Chewey was then serving in Wyoming County on unrelated charges. The trial court credited Chewey with time served from September 20, 2013 (the date of his arrest in the above-captioned matter), to March 12, 2014 (the date on which Chewey was sentenced in the Wyoming County matter). Thereafter, Chewey timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Chewey now presents the following claim for our review: "Whether the trial court imposed an illegal sentence by failing to give [] Chewey credit for all time served in the Luzerne County Correctional Facility prior to sentencing?" Brief for Appellant at 1. Citing 42 Pa.C.S.A. § 9670(4), Chewey argues that the trial court can award credit on multiple offenses if the trial court makes the sentence concurrent." Brief for Appellant at 5.

Chewey challenges the legality of his sentence. ***See Commonwealth v. Tobin***, 89 A.3d 663, 669 (Pa. Super. 2014) (recognizing a claim based upon the failure to give credit for time served as a challenge to the legality of a sentence). Sentencing credit for time served is provided for pursuant to 42 Pa.C.S.A. § 9760, which states, in pertinent part, as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based*. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added). "This Court has held that a defendant is not entitled to 'receiv[e] credit against more than one sentence for the same time served.'" *Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (quoting *Commonwealth v. Merigis*, 681 A.2d 194, 195 (Pa. Super. 1994)).

The trial court addressed Chewey's claim as follows:

> The law with regard to sentencing credit in the instance of unrelated offenses is well established. Specifically, "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." *See Commonwealth v. Clark*, 885 A.2d 1030, 1034 (Pa. Super. 2005). "Credit is not given, however, for a commitment by reason of a separate and distinct offense." *See Commonwealth v. Miller*, 444 Pa. Super. 380, 655 A.2d 1000, 1002 (1995). [Chewey] is not entitled to a sentencing credit for time served between March 12, 2014 and March 9, 2015[,] because during that time[, Chewey] was serving a sentence on a separate and distinct offense imposed by Wyoming County. [*See*] *id.*

Trial Court Opinion, 8/5/15, at 3 (unnumbered). We agree with the sound reasoning of the trial court, as set forth above, and affirm on this basis. *See id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2016