J-S30029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY EDWARD SEIFERT | : | |
| | : | |
| Appellant | : | No. 760 EDA 2022 |

Appeal from the PCRA Order Entered February 18, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000031-2020

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED DECEMBER 30, 2022**

Randy Edward Seifert (Appellant) appeals, *pro se*, from the order entered in the Wayne County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant seeks relief from his guilty plea to charges of driving under the influence of alcohol (DUI), recklessly endangering another person (REAP), resisting arrest,[2] and related offenses as a result of his involvement in a December 2019 motor vehicle crash.  On appeal, Appellant argues:  (1) he did not receive a prompt hearing following his apprehension on a bench warrant and plea counsel was ineffective for failing to raise this claim; (2) he is entitled to credit

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *See* 75 Pa.C.S. § 3802(a)(1); 18 Pa.C.S. §§ 2705, 5104.

for time served as a result of his pretrial detention; and (3) PCRA counsel was ineffective for failing to amend his *pro se* petition after Appellant discovered new evidence to support his claims.  For the reasons below, we affirm.

On December 8, 2019, Appellant was involved in a motor vehicle accident; he was driving the car, and his wife and two minors were passengers.[3]  *See* Affidavit of Probable Cause, 1/7/20, at 1; Criminal Information, 2/14/20, at 1.  When the Pennsylvania State Police arrived, Appellant was visibly intoxicated and combative.  *See* Affidavit of Probable Cause at 1.  He was subsequently charged with 24 offenses,[4] including aggravated assault,[5] DUI and endangering the welfare of a child.[6]

On February 4, 2020, a bench warrant was issued for Appellant when he failed to comply with a fingerprint order.  He was arrested on February 26th.  That same day, the trial court entered an order, setting bail at $50,000 unsecured, and placing Appellant on bail supervision by the Wayne County Adult Probation Department.  *See* Order, 2/26/20.

On July 23, 2020, the Commonwealth filed a petition to revoke bail, asserting, *inter alia*, that Appellant was no longer checking in with his

_____

[3] The minors' relationship to Appellant and his wife is unclear in the record. We note that neither the transcript from the guilty plea hearing nor the sentencing hearing is included in the certified record.

[4] Fifteen of the charges were for summary offenses.

[5] 18 Pa.C.S. § 2702(a)(3).

[6] 18 Pa.C.S. § 4304(a)(1).

probation officer, and had been arrested for public drunkenness in a neighboring county. **See** Commonwealth's Petition to Revoke Bail, 7/23/22, at 1-2 (unpaginated). The trial court conducted a hearing on July 30th and entered an order revoking Appellant's bail that same day.

On August 11, 2020, the Commonwealth filed a petition for a bench warrant. It asserted that although "Wayne County Adult Probation [had] lost contact with [Appellant]," Appellant was "apprehended in Luzerne County" on unrelated charges on August 9th. **See** Commonwealth's Petition for Bench Warrant, 8/11/20, at 1-2 (unpaginated). The next day, the trial court issued a bench warrant for Appellant's apprehension. **See** Order, 8/12/20. Although the certified record is not entirely clear, it appears Appellant was released in Luzerne County, and another bench warrant was issued by Luzerne County for his arrest when he failed to appear for a preliminary hearing. **See** Motion to Withdraw as Counsel, 11/5/21, Exhibit A, Counsel's "No Merit" Letter, at 3. He was subsequently apprehended on September 27, 2020, and remained incarcerated in Luzerne County throughout these proceedings. The Wayne County bench warrant was rescinded on October 15, 2020.[7]

On November 5, 2020, Appellant entered a guilty plea to one count each of DUI, REAP, resisting arrest, disorderly conduct,[8] false reports to law

---

[7] The order was docketed the following day, October 16, 2020.

[8] 18 Pa.C.S. § 5503(a)(1).

enforcement,[9] and driving while operating privilege is suspended.[10] In exchange for the plea, the Commonwealth *nolle prossed* the remaining charges. Appellant appeared for sentencing on January 28, 2021. The court imposed an aggregate term of 24 to 48 months' imprisonment, consisting of the following consecutive terms: 12 to 24 months for REAP, 9 to 18 months for resisting arrest, and 3 to 6 months for DUI. The court also imposed concurrent terms of 6 to 12 months for disorderly conduct, and 60 days for driving under suspension, and a $200 fine for false reports to law enforcement. Appellant filed a timely post-sentence motion requesting reconsideration of his sentence, which the court denied on February 9, 2021. No direct appeal was filed. Appellant was represented by John J. Martin, II, Esquire, throughout these proceedings.

On June 17, July 6, and July 21, 2021, Appellant filed several *pro se* requests that the court award him credit for time served in pretrial detention — specifically, from February 23 to February 25, 2020, and from September 27, 2020, to January 28, 2021. **See** Appellant's Letter, 6/17/21; Appellant's Letter, 7/6/21; Appellant's Petition for Credit for Imprisonment While in Custody Prior to Sentence, 7/21/21. Thereafter, on August 5, 2021, Appellant filed the present, timely PCRA petition, asserting: (1) he was never "brought before a judge for a Bond Hearing within 72 hours" of his September 27, 2020,

---

[9] 18 Pa.C.S. § 4906(a).

[10] 75 Pa.C.S. § 1543(b)(1)(i).

arrest on the bench warrant; (2) he was "incarcerated indefinitely" from September 27, 2020, to January 28, 2021, and did not receive credit for time served; and (3) he was never informed why his bail was revoked. *See* Appellant's Motion for Post Conviction Relief, 8/5/21, at 3-4. Appellant averred Attorney Martin was ineffective for failing to raise these claims before the trial court. *See id.* at 4. Less than a week later, on August 10th, the PCRA court appointed Christine Rechner, Esquire, as PCRA counsel. Meanwhile, Appellant continued to file redundant *pro se* requests seeking credit for time served, as well as a *pro se* motion to reduce his sentence. *See* Appellant's Motion to Modify and Reduce Sentence, 10/20/21.

On November 5, 2021, Attorney Rechner filed a motion to withdraw as counsel, and a *Turner*/*Finley*[11] "no merit" letter, explaining why she believed Appellant's claims were meritless. *See* Motion to Withdraw as Counsel, 11/5/21, Exhibit A, Counsel's "No Merit" Letter. Attorney Rechner detailed her investigation of Appellant's claims, which included reviewing Appellant's criminal docket in Luzerne County and interviewing Attorney Martin. *See* Counsel's "No Merit" Letter at 2. She concluded: (1) Appellant was not entitled to time served credit in the present case for his pretrial detention in Luzerne County because he was in custody for Luzerne County charges; (2)

_____

[11] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), provide the framework for a withdrawal request by PCRA counsel. *See* *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (detailing *Turner*/*Finley* requirements).

Appellant's bail hearing was not unreasonably delayed because the records from the probation department "contained no information as to the day Wayne County officials were notified of" Appellant's September 27th Luzerne County arrest; and (3) Attorney Martin was not ineffective for failing to raise these claims. **See id.** at 4-5. Appellant filed a *pro se* response on November 30th, stating, *inter alia*, that he had proof Wayne County was promptly notified of his arrest in Luzerne County, namely, a September 29, 2020, Facebook posting of his "capture" by the Wayne County Sheriff's Department. **See** Appellant's Letter, 11/30/21, at 2 (unpaginated). Thus, he insisted "[t]here was a delay or failure by [Attorney Martin] to act in regards [sic] to the Wayne County Bench Warrant, issued . . . August 12, 2020." **Id.**

On December 6, 2021, the PCRA court entered an order advising Appellant of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907 and granting Attorney Rechner's motion to withdraw. **See** Order, 12/6/21. Appellant filed a *pro se* response, and on January 4, 2022, the PCRA court dismissed Appellant's petition. **See** Order, 1/4/22.

However, one week later, the PCRA court vacated both its December 6th and January 4th orders, and reinstated Attorney Rechner as PCRA counsel. Order, 1/11/22. Shortly thereafter, on January 21st, the PCRA court issued new notice of its intent to dismiss Appellant's petition pursuant to Rule 907, but included an opinion detailing its bases for doing so. **See** Opinion, Order, & Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, 1/21/22 (PCRA Ct. Op.). The court agreed with Attorney Rechner's assessment of Appellant's

- 6 -

claims, opining that Appellant was not entitled to credit for time served in Luzerne County prior to his Wayne County guilty plea and sentencing hearing, and that Attorney Martin was not ineffective for failing "to act with respect to the Wayne County bench warrant and the hearing required on its dismissal." *See* PCRA Ct. Op. at 3-5. By separate order, the PCRA court, once again, granted Attorney Rechner's motion to withdraw. *See* Order 1/21/22. Appellant filed an untimely response, asserting Attorney Rechner's ineffectiveness for failing to speak with him after her appointment as counsel. *See* Appellant's Answer to Pa.R.Crim.P. 907, 2/15/22, at 2.[12]

On February 18, 2022, the PCRA court entered an order dismissing Appellant's petition, and Appellant filed this timely appeal. Thereafter, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Order, 3/31/22.[13] Appellant complied with the court's directive, and filed a Rule 1925(b) statement raising the following claims: (1) the ineffective assistance of Attorney Martin and Attorney Rechner

---

[12] Although Appellant's answer was date-stamped as received on February 17, 2022, the attached envelope bears a postage stamp of February 15, 2022. "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011). Thus, we deem Appellant's answer as filed on February 15th. Nevertheless, the court's Rule 907 notice was mailed to Appellant on January 21, 2022; so, his reply was due within 20 days, or no later than February 10, 2022. *See* Pa.R.Crim.P. 907(1); Notice, 1/21/22 (informing Appellant he had 20 days to respond).

[13] The order was not sent to Appellant until the next day, April 1, 2022.

for "not challenging the bench warrant" so that the court could "have given [him] an opportunity to make bail[;]" (2) newly discovered evidence, which proved that Attorney Rechner was ineffective for rejecting his bench warrant claim; and (3) Attorney Martin's ineffectiveness for failing to request Appellant receive credit for time served at sentencing. Appellant's Pa.R.A.P. 1925(b) Concise Statement of Matters Complained Of, 4/20/22, at 1-3 (unpaginated). The PCRA court filed a Statement of Reasons on April 22, 2022, relying upon its January 21, 2022, Opinion as dispositive of Appellant's claims.

Preliminarily, we note that Appellant's *pro se* brief fails to conform in material respects with the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2111(a). Specifically, his brief lacks a statement of jurisdiction, a statement of the scope and standard of review, a sufficient statement of the case,[14] a summary of the argument, and most notably, a statement of questions involved. ***See*** Pa.R.A.P. 2111(a), 2114, 2116, 2117, 2118. Indeed, this Court has emphasized that the lack of a statement of questions involved "is particularly grievous since the statement of questions involved defines the specific issues this Court is asked to review." ***Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa. Super. 1993).

It is well-established that "*pro se* defendants are subject to the same rules of procedure as are represented defendants." ***Commonwealth v.***

---

[14] Under the heading "Relevant Case History," Appellant states only that the PCRA court dismissed his petition on February 18, 2022. ***See*** Appellant's Brief at 1 (unpaginated).

- 8 -

***Blakeney***, 108 A.3d 739, 766 (Pa. 2014). Therefore, an appellate brief filed by a defendant proceeding *pro se* "must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citations omitted). As the Supreme Court has explained:

> Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

***Blakeney***, 108 A.3d at 766.

Nevertheless, we decline to quash the present appeal, despite the substantial defects in Appellant's brief, because we are able to discern the following three issues for review: (1) whether Appellant's right to a prompt bench warrant hearing was violated, and whether Attorney Martin was ineffective for failing to raise this claim before the trial court; (2) whether Attorney Martin was ineffective for failing to request Appellant receive credit for time served at his sentencing hearing; and (3) whether Attorney Rechner was ineffective for failing to amend his PCRA petition based on newly discovered evidence.[15]  ***See*** Appellant's Brief at 2-8 (unpaginated).

---

[15] We note Appellant presents an additional claim which he did not preserve in his Pa.R.A.P. 1925(b) statement — that he was denied due process of law when Attorney Martin filed a post sentence motion for "Steven Fisher" rather than Appellant. ***See*** Appellant's Brief at 4 (unpaginated). ***See also*** Pa.R.A.P.
*(Footnote Continued Next Page)*

Our standard of review of an order denying PCRA review is well-established: "[W]e determine whether the ruling of the PCRA court is supported by the record and is free of legal error." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020). Where, as here, a PCRA petitioner challenges prior counsel's ineffectiveness, we must bear in mind the following:

> Pennsylvania law presumes counsel has rendered effective assistance. When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail.

***Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa. Super. 2021) (citations omitted), *appeal denied*, 275 A.3d 488 (Pa. Mar. 23, 2022).

Appellant's first claim concerns the purported lack of a prompt bench warrant hearing in Wayne County following his September 27, 2020, arrest in Luzerne County. Appellant maintains he was arrested on September 27th on

_____

1925(b)(4)(vii) (issues not preserved in court-ordered Rule 1925(b) statement are waived). He insists the trial court "denied the Motion as if [he] was Steven Fisher." Appellant's Brief at 4 (unpaginated). Even if preserved, however, Appellant's claim would fail. Although the conclusory paragraph of the post-sentence motion refer to "Steven Fisher," this appears to be a typographical error. ***See*** Appellant's Motion for Post Sentence Relief Pursuant to Rule 720 Pa.R.Crim.P., 2/5/21 at 2. The caption and supporting paragraphs all refer to Appellant, and the details regarding the sentence imposed and requests for relief clearly apply to Appellant's sentence. ***See id.*** at 1-2. Thus, even if he had preserved this claim, Appellant would be entitled to no relief.

- 10 -

"two (2) separate bench warrants[;]" one for the present case in Wayne County and the other for a separate case in Luzerne County. Appellant's Brief at 2 (unpaginated). He insists the Luzerne County bench warrant was lifted the next day, but he was "unable to post bond due to [the Wayne County] bench warrant[.]" *Id.* Appellant argues he never received a hearing on the Wayne County bench warrant as is required, and Attorney Martin did not raise this claim in the trial court. *See id.* at 2-3, 7. He requests either credit for time served, or "release . . . from confinement." *Id.* at 8.

Pursuant to Pennsylvania Rule of Criminal Procedure 150 when a defendant is arrested pursuant to a bench warrant, he "shall be taken without unnecessary delay for a hearing on the bench warrant" before the court that issued the warrant. Pa.R.Crim.P. 150(A)(1).[16] Moreover, where, as here, the defendant is arrested outside the county that issued the bench warrant, Rule 150 requires "the authority in charge of the county jail promptly . . . notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant." Pa.R.Crim.P. 150(A)(4). After the defendant is "lodged in the jail of the county of issuance on that bench warrant[,]" a bench warrant hearing "shall be conducted without unnecessary delay[,]" but no longer than 72 hours. Pa.R.Crim.P. 150(A)(5)(b). Subsection

---

[16] In his filings in the trial court and his brief on appeal, Appellant refers to Pennsylvania Rule of Civil Procedure 1910.13-1, which governs bench warrants issued in child support matters, and is inapplicable here. *See* Pa.R.C.P. 1910.13-1.

(A)(7) provides that if the hearing is not held within the time limits provided in the Rule, "the bench warrant shall expire by operation of law." Pa.R.Crim.P. 150(A)(7).

Here, the record is clear that while Appellant was apprehended in Luzerne County on September 27, 2020, his bench warrant in Wayne County was not dismissed until October 15, 2020. The PCRA court determined "the probation records contained no information as to the date Wayne County officials were notified of the arrest, but there is documentation of a Writ issued to Luzerne County on October 7, 2020." PCRA Ct. Op. at 5. Appellant was subsequently transported to Wayne County on October 14th, and the bench warrant was dismissed the next day. *Id.* He was then transferred back to Luzerne County on October 19, 2020, where he remained through his sentencing in the present case. *Id.* Thus, the court concluded "the time line . . . does not present a delay or failure of [Attorney Martin] to act with respect to the Wayne County bench warrant and the hearing required on its dismissal." *Id.*

Appellant provides us with no basis to disturb the ruling of the PCRA court. Furthermore, even if we agreed with Appellant's assertion that he was denied a prompt bench warrant hearing in Wayne County, he would be entitled to no relief. Pursuant to Rule 150, the only relief available for a violation of the rule is the expiration of the bench warrant. *See* Pa.R.Crim.P. 150(A)(7). That relief is now moot since Appellant has pled guilty to and been sentenced for the charges at issue. Furthermore, Appellant downplays the fact that he

- 12 -

was also facing charges in Luzerne County, where he was incarcerated until his sentencing hearing in this case. Thus, even if Attorney Martin was ineffective for failing to ensure Appellant had a prompt bench warrant hearing in Wayne County — a fact not supported by the record[17] — Appellant suffered no prejudice since he was incarcerated at all relevant times in Luzerne County for pending charges in that county. Accordingly, no relief is warranted.

Next, Appellant contends Attorney Martin rendered ineffective assistance when he failed to request Appellant receive credit for time served prior to his sentencing — specifically, from February 24 to 26, 2020, and from September 27, 2020, until January 28, 2021. *See* Appellant's Brief at 4 (unpaginated). We disagree.

Preliminarily, we note that "[a]n attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and it cannot be waived[; thus, it] may be addressed under the PCRA." ***Commonwealth v. Davis***, 852 A.2d 392, 399–400 (Pa. Super. 2004) (citations omitted).

_____

[17] We note that the Rule requires a hearing within 72 hours after "the individual is **lodged in the jail of the county of issuance** on that bench warrant." Pa.R.Crim.P. 150(A)(5) (emphasis added). Appellant does not dispute the PCRA court's finding that he was transported to Wayne County prison on October 14, 2021, and the bench warrant was rescinded the next day. Rather, Appellant's claim focuses on the notification requirement in Rule 150(A)(4). The 72-hour time limit does not apply to that Section. *See* Pa.R.Crim.P. 150(A)(5)(b), (A)(7).

Sentencing credit for time served is governed by 42 Pa.C.S. § 9760, which provides, in pertinent part, "the court shall give credit as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> *     *     *
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760(1), (4). Accordingly, a defendant is entitled to "credit as of right" if two conditions are met: "(1) the time must be 'spent in custody' and (2) the time must be 'as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.'" ***Commonwealth v. Nobles***, 198 A.3d 1101, 1106 (Pa. Super. 2018) (citations omitted). However, when a defendant is "in custody" for charges unrelated to those for which they seek time credit, they are not entitled to credit under Section 9760. This Court's decision in ***Commonwealth v. Miller***, 655 A.2d 1000 (Pa. Super. 1995), is dispositive.

In ***Miller***, the defendant was arrested for drug offenses on March 26, 1993 and, after posting bail, was released on April 2nd. ***See Miller***, 655 A.2d at 1001. Subsequently, in July and August of 1993, he was arrested on

- 14 -

unrelated assault and robbery charges — both of which arose from the same incident. *Id.* He remained incarcerated on those charges until his trial and acquittal in January of 1994. *Id.* In the meantime, the defendant pled guilty to the drug charges in November of 1993, and was sentenced in February of 1994. *Id.* He later sought credit "for all time during which he had been incarcerated before being sentenced." *Id.* Although the trial court gave the defendant credit for the period he was in custody on the drug offenses before posting bail (March 26 to April 2), it refused to give him credit for time served from July of 1993 through January of 1994, when "he was in custody following arrest for the unrelated charges of aggravated assault and robbery." *Id.* at 1001-02.

On appeal, the defendant argued that he was entitled to credit for time served pursuant to Section 9760(4), which provides that "credit must be given for all pre-sentence time spent in custody, even time served on unrelated charges, **where credit has not otherwise been given therefor**." *Miller*, 655 A.2d at 1003 (emphasis added). Thus, the defendant reasoned that "[b]ecause he was acquitted of the unrelated aggravated assault and robbery charges, . . . he did not receive credit against any other sentence for the time he was in custody on these charges; and, therefore, . . . he must be given credit under § 9760(4) against his sentence for delivery of a controlled substance." *Id.*

The *Miller* Court rejected the defendant's claim, opining:

> Under the facts of the instant case, . . . 42 Pa.C.S. § 9760(4) is inapplicable. Here, [the defendant] was not in custody for any other charges at the time he was arrested for [drug offenses]. He had been arrested on the drug charge on March 26, 1993, and had posted bail on April 2, 1993. From the moment he posted bail on the drug charge and was released, [the defendant] was no longer in custody on that charge. Therefore, when he was later arrested on unrelated charges and spent time in prison awaiting trial thereon, he was not entitled to credit on account of the drug charge. As to such charge he was free on bail and did not serve time.

***Miller***, 655 A.2d at 1003–04 (footnote & citation omitted).

The facts of Appellant's case are indistinguishable from ***Miller***. The record reveals a bench warrant was issued for Appellant on February 4, 2020, when he failed to comply with a fingerprint order. ***See*** Order, 2/4/20. After he was arrested on February 26th, bail was set at $50,000 unsecured, and the bench warrant was rescinded. ***See*** Order, 2/26/20. The record does not support Appellant's assertion that he was incarcerated from February 24, 2020, until February 26, 2020 — thus, he is not entitled to any credit for time served during that period.

Moreover, Appellant cannot establish that any of the time he spent in custody from September 27, 2020, until his sentencing hearing on January 28, 2021, was for the criminal charges at issue herein. Rather, Appellant was in custody in Luzerne County during that time for charges filed in Luzerne County — not for the Wayne County charges in this case. Accordingly, like the defendant in ***Miller***, Appellant is entitled to no relief, and his challenge to Attorney Mullen's ineffectiveness fails as it lacks arguable merit. ***See Mullen***, 267 A.3d at 512.

Lastly, Appellant contends Attorney Rechner was ineffective for failing to amend his PCRA petition based on "newly discovered evidence that would exonerate" him. Appellant's Brief at 7 (unpaginated) (capitalization omitted). He described this "new evidence" as follows:

> The new evidence was, on 9-29-20 the Wayne County Sheriff's Office knew of [Appellant's] w[he]reabouts. The Wayne County Sheriff's Office posted [Appellant's] capture on Facebook [—] "Update – Randy Seifert was picked up in Luzerne County, warrant to be dismissed when Seifert is returned to Wayne County." Attorney Rechner said she did [extensive] research and that there was only a writ issued on 10-7-2020 of [Appellant's] whereabouts to Luzerne County.[18] However, it is apparent that she was in error because Wayne County Sheriff's Office knew of [his] whereabouts on September 29, 2020.

*Id.* at 6 (some capitalization, emphasis & punctuation omitted).

Preliminarily, we note that in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401. If a petitioner provides "more than mere boilerplate assertions of PCRA counsel's ineffectiveness[, and] establish[s] that there are issues of material facts concerning claims challenging counsel's stewardship and that relief may be available[,]" they may be entitled to a

---

[18] Appellant is referring to Attorney Rechner's assertions in the Motion to Withdraw as Counsel and accompanying "No Merit" letter she filed in the PCRA court. **See** Motion to Withdraw as Counsel, at 1 (unpaginated); Counsel's No Merit Letter at 2, 5.

remand for an evidentiary hearing. **Commonwealth v. Parrish**, 273 A.3d 989, 1006 (Pa. 2022).

Here, Appellant is entitled to no relief. As explained **supra**, even if we agreed that Appellant was denied a prompt bench warrant hearing in Wayne County following his Luzerne County arrest, he would be entitled to no relief. Appellant remained incarcerated in Luzerne County for the charges he faced there. Thus, he would not have been released, and he is not entitled to credit for time served on his Wayne County sentence. Because Appellant cannot demonstrate prejudice, his challenge to PCRA counsel's ineffectiveness fails. **See Mullen**, 267 A.3d at 512.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2022