J-S56034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN COLON-RODRIGUEZ, | |
| Appellant | No. 129 MDA 2016 |

Appeal from the Judgment of Sentence December 2, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004476-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　　**FILED AUGUST 24, 2016**

Edwin Colon Rodriguez ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County after Appellant entered a negotiated guilty plea of not less than five years, nor more than ten years' incarceration on two counts of Possession with Intent to Deliver a Controlled Substance, Criminal Conspiracy to Deliver a Controlled Substance, Possession of Firearms Prohibited, and Possession of a Firearm with Manufacture Number Altered or Obliterated.  Appellant contends the trial court's refusal to award him time credit toward his sentence renders his sentence illegal.  Additionally, Appellant's court-appointed counsel, Jay M. Nigrini, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

*Former Justice specially assigned to the Superior Court.

As noted, Attorney Nigrini has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). If counsel's petition and brief satisfy **Anders,** we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. If, however, there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief. **Commonwealth v. Wrecks**, 931 A.2d 717, 720–21 (Pa.Super. 2007) (citations omitted).

Counsel has substantially complied with the technical requirements of **Anders** as articulated in **Santiago**. Additionally, counsel confirms that he sent a copy of the **Anders** brief to Appellant, as well as a letter explaining that Appellant has the right to proceed *pro se* or the right to retain new counsel. Counsel has appropriately appended a copy of the letter to the

motion to withdraw, as required by this Court's decision in ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005).  ***See also Commonwealth v. Daniels***, 999 A.2d 599, 594 (Pa.Super. 2010).   Appellant has not filed a response to the petition.

We now proceed to examine the issue counsel sets forth in the ***Anders*** brief:

> Whether the trial court erred in failing to give credit for time served from the date secured bail was set on September 15, 2014, until the date of his plea and sentence on December 2, 2015, as the Appellant was never released from custody?

Appellant's ***Anders*** brief at 5.

With this claim, Appellant challenges the legality of his sentence.  ***See Commonwealth v. Tobin***, 89 A.3d 663, 669 (Pa.Super. 2014) (recognizing a claim based upon the failure to give credit for time served as a challenge to the legality of a sentence).   In raising this issue, however, he acknowledges that he was charged for his offenses in two separate cases with different docket numbers and received credit for the pre-trial detention time served in the other case.

Sentencing credit for time served is provided for pursuant to 42 Pa.C.S.A. § 9760, which states, in pertinent part, as follows:

> (1)   Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.*   Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

> ***
>
> (4)   If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1) (emphasis added).

"This Court has held that a defendant is not entitled to 'receiv[e] credit against more than one sentence for the same time served.'" ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa.Super. 2014) (quoting ***Commonwealth v. Merigis***, 681 A.2d 194, 195 (Pa.Super. 1994)). In that vein, it is well-settled that a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. ***See Commonwealth v. Clark***, 885 A.2d 1030, 1034 (Pa.Super. 2005). Credit is not given, however, for a commitment by reason of a separate and distinct offense. ***See Commonwealth v. Miller***, 655 A.2d 1000, 1002 (Pa.Super. 1995).

In light of such authority, we agree with the trial court and appellate counsel that Appellant's claim is frivolous. Accordingly, we affirm judgment of sentence and grant counsel's petition to withdraw.

Judgment of Sentence is AFFIRMED. Petition to Withdraw as Counsel is GRANTED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/24/2016</u>