J. S66041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD HARLEY, | : | No. 1948 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered May 24, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007535-2013

BEFORE: STABILE, J. NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 12, 2020**

Richard Harley appeals from the trial court's May 24, 2018 order denying

his motion "for adjustment of time credit"[1] filed on his behalf by his

---

[1] Although Attorney Nasuti styled this filing as a post-sentence motion, the time for filing a timely post-sentence motion or appealing the denial of said motion had long since passed. Appellant was sentenced on July 20, 2017, and Attorney Nasuti did not file said motion until May 4, 2018. Pennsylvania Rule of Criminal Procedure 720 states that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). When such a motion is timely filed, the appeal period is tolled. ***Id.*** at 720(A)(2). However, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]" ***Id.*** at 720(A)(3). Nevertheless, it is well settled that we may reach the merits of an appeal taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order appealable as of right; (3) an interlocutory order appealable by permission; or (4) a collateral order. ***Commonwealth v. Brister***, 16 A.3d 530, 533 (Pa.Super. 2011) (citation omitted). Here, appellant's contention that the trial court failed to properly award credit for time-served implicates the legality of his sentence, and "[a] claim challenging the legality of sentence is appealable as of right." ***Commonwealth v. Dixon***, 161 A.3d 949, 951 (Pa.Super. 2017)

then-counsel, Carmen Nasuti III, Esq. ("Attorney Nasuti"). Contemporaneously with this appeal, appellant's present counsel, David W. Barrish, Esq. ("Attorney Barrish"), has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny. After careful review, we grant counsel's petition to withdraw and affirm the order.

The trial court summarized the tortured factual and procedural history of this case as follows:

> On May 18, 2015, [appellant] tendered pleas of ***nolo contendere*** [before the Honorable William J. Mazzola] in this case [(No. CP-51-CR-0007535-2013)] to five counts of theft by deception and one count of criminal conspiracy.[Footnote 1] [Appellant] was colloquied by the [trial] court and the Commonwealth presented a recitation of the evidence it would have produced at trial in support of the court's acceptance of the pleas. The [trial] court then deferred further action until it could examine the extensive documentation submitted by the Commonwealth and to allow it to present additional evidence. Following a series of hearings at which it presented the testimony of the victims of [appellant's] crimes, the [trial] court accepted the pleas and entered findings of guilt on May 25, 2016. On July 20, 2017, the court sentenced [appellant] to a minimum of two and a half (2½) to a maximum of five (5) years' incarceration followed by seven (7) years' probation. [Appellant] did not appeal from that judgment of sentence. The convictions arose from a series of transactions between [appellant] and a number of individuals and involving the collusion of a notary

(citation omitted); ***see also*** 42 Pa.C.S.A. § 9781(a). Accordingly, the trial court's May 24, 2018 order constitutes a final, appealable order.

- 2 -

public and a loan officer of a prominent national bank. [Appellant] fraudulently created colorable title to various properties in which he had no interests whatsoever and induced the individuals to buy them from him as investment properties with loans arranged by the bank officer and promises that he would make needed repairs and improvements and obtain low income tenants for them. At the last hearing, at which the [trial] court intended to enter sentence, [appellant] requested that he be given an opportunity to produce records and witnesses to establish that he made prodigious efforts to make the repairs and improvements on, and obtain the tenants for, the properties that he promised the victims he would in mitigation of his sentence and the court continued the matter one more time to allow him to do so. At the last hearing, he did not produce any such evidence and the [trial] court entered the sentence.

In his previous case [(No. CP-51-CR-0013124-2008)], at a nonjury trial conducted on December 2, 2009, by the Honorable Charles J. Cunningham III, [appellant] had been found guilty of theft by unlawful taking of movable property, theft by deception by creating a false impression, receiving stolen property, theft by failing to make required disposition of funds received, forgery and false swearing[.Footnote 2] [Appellant] was sentenced on January 20, 2010, to a minimum of eleven and a half (11½) to a maximum of twenty-three (23) months' incarceration followed by five (5) years' probation with credit to be calculated by the Philadelphia Prison System. [Appellant's] judgment was affirmed in his direct appeal on March 30, 2011, and **allocatur** was denied on August 23[, 2011]. **Commonwealth v. Holley**, 26 A.3d 1210 (Pa.Super. 2011) (unpublished memorandum), **appeal denied**, [27 A.3d 223 (Pa. 2011)]. [Appellant] did not seek further review. On May 25, 2012, the [trial] court found that [appellant] was not in violation of his parole and allowed his probation/parole to continue, but ordered that he was precluded from engaging in any real estate or related transactions without the written approval of the court. [Appellant] was arrested and charged in [the instant

matter] on September 5, 2012. On May 8, 2014, Judge Cunningham found that [appellant] was in violation of parole, noted that restitution had remained unpaid, ordered him taken into custody, set bail at sixty thousand dollars ($60,000) and scheduled a sentencing date. On June 6[, 2014], [appellant] having apparently made bail, the [trial] court granted his request to conduct a real estate transaction for the purpose of paying defense counsel's fees and restitution. On January 6, 2015, the [trial] court again revoked his release and ordered his bail forfeited. On January 21[, 2015], the [trial] court resentenced him to a new aggregate term of eleven and a half (11½) to twenty-three (23) months' county custody followed by five (5) years' probation with restitution and all other previous conditions to remain in effect. On August 5[, 2015], [appellant] filed a motion for early release on parole [with Judge Cunningham.] [Judge Mazzola was notified of this motion and] revoked [appellant's] release on bail on October 1[, 2015]. Judge Cunningham denied [appellant's] motion [for early release on parole] on October 15[, 2015], and denied a subsequent one on March 23, 2016, at which point the docket entries in that case cease.

> [Footnote 1] 18 Pa.C.S.A. §§ 3922(a)(1) and 903(a)(1), respectively.

> [Footnote 2] 18 Pa.C.S.A. §§ 3921(a), 3922(a)(1), 3925(a), 2927(a), 4101(a)(1), and 4903(a)(1), respectively.

Trial court opinion, 5/13/19 at 1-3 (formatting of internal citation and footnotes amended).

As noted, on May 4, 2018, Attorney Nasuti filed a motion before Judge Mazzola requesting an adjustment of appellant's time credit. In this petition, Attorney Nasuti argued that appellant was entitled to credit for time-served from October 1, 2015, the date his bail was revoked by

Judge Mazzola, to July 20, 2017, the date he was sentenced in the instant matter. (*See* motion for credit for time served, 5/4/18 at ¶¶ 5-6, 14.) Attorney Nasuti alleged that "[t]he reason that [Judge Mazzola] revoked [appellant's] bail on October 1, 2015, was that [appellant] was about to be paroled on his other case, [No. CP-51-CR-0013124-2008 before Judge Cunningham,] and [Judge Mazzola] did not want [appellant] released from jail." (*Id.* at ¶ 13.) In this motion, Attorney Nasuti conceded that appellant was serving a county sentence during this period and did receive credit on Judge Mazzola's case from November 8, 2016, the date he finished serving Judge Cunningham's revocation sentence, to July 20, 2017, the date he was sentenced in the instant matter. (*Id.* at ¶¶ 3, 7; *see also* notes of testimony, 5/24/18 at 5-6, 8-10.) Nonetheless, Attorney Nasuti inexplicably argued that appellant should receive credit for **all the time** between October 1, 2015 to July 20, 2017. (Motion for credit for time served, 5/4/18 at ¶ 14.)

Following a hearing on May 24, 2018, Judge Mazzola denied appellant's petition, concluding that he was not entitled to time credit and that the trial court no longer had jurisdiction to run the sentence concurrently to Judge Cunningham's revocation sentence. (Notes of testimony, 5/24/18 at 10.) Appellant filed a timely *pro se* notice of appeal on June 19, 2018. On July 12, 2018, Attorney Nasuti requested permission to withdraw, which was granted the following day. Thereafter, on September 19, 2018,

Attorney Barrish was appointed to represent appellant on appeal. On December 6, 2018, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Following an extension, Attorney Barrish filed a timely Rule 1925(b) statement on appellant's behalf. On March 6, 2019, the trial court indicated that Judge Mazzola was no longer sitting on the bench and would not be filing an opinion. Thereafter, the Honorable Shanese I. Johnson filed a comprehensive Rule 1925(a) opinion on May 13, 2019.

On June 12, 2019, Attorney Barrish filed a brief in accordance with **Anders**/**McClendon** and their progeny, and sent correspondence to appellant advising him of the option to retain new counsel or proceed **pro se**. Notably, however, Attorney Barrish failed to file a corresponding petition to withdraw. On December 18, 2019, this court issued a **per curiam** order striking Attorney Barrish's brief and directing him, within 30 days, to comply with **Anders** by filing a brief **and** petition to withdraw or an advocate's brief on appellant's behalf. (**See per curiam** order, 12/18/19.) Attorney Barrish complied with this court's order on January 16, 2020. At no point in this matter has appellant responded to Attorney Barrish's request to withdraw.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel

must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's

duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, we conclude that Attorney Barrish has satisfied the technical requirements of *Anders* and *Santiago*. Attorney Barrish has identified the pertinent factual and procedural history and made citation to the record. Attorney Barrish has also raised a claim that could arguably support an appeal, but ultimately concludes that appellant's claim is wholly frivolous. Attorney Barrish has also sent a letter to appellant, which meets the notice requirements of *Millisock*. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

The crux of appellant's claim is that the trial court erred in failing to give him credit for time served from October 1, 2015, the date that his bail was revoked by Judge Mazzola, to July 20, 2017, the date he was sentenced in the instant matter. (*Anders* briefs at 24-29.)

Preliminarily, we recognize that appellant conceded in his motion that he was granted "time credit from 9/5/12 to 9/11/12 and 11/8/16 to 7/20/17[,]" and therefore, the period from November 8, 2016 until July 20, 2017 is not at issue. (Motion for credit for time served, 5/4/18 at ¶ 3.) Contrary to appellant's contention, our review further establishes that

appellant is not entitled to credit for the period from October 1, 2015 to November 8, 2016, as he was incarcerated for his revocation sentence imposed by Judge Cunningham from **January 21, 2015 until November 8, 2016**.

As recognized by the trial court, appellant has failed "[to] cite any statutory or case authority for his unusual theory that [he] should be given credit in this case for the time he served in completing the sentence in his previous case." (Trial court opinion, 5/13/19 at 4.) On the contrary, the law with regard to sentencing credit in the instance of unrelated offenses is well established. Pursuant to 42 Pa.C.S.A. § 9760, a sentencing court must generally give credit for time served as follows:

> [i]f the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(4).

However, "[n]o language in [Section] 9760 provides, or even suggests, that an individual is entitled to credit for time served for periods of incarceration on offenses . . . wholly unrelated to the current charges." *Commonwealth v. Saunders*, 2020 PA Super 5, 2020 WL 113401, at *3 (Pa.Super. January 10, 2020). Rather, this court has specifically recognized that "a defendant shall be given credit for any days spent in custody prior to

the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Commonwealth v. Clark***, 885 A.2d 1030, 1034 (Pa.Super. 2005), citing ***Commonwealth v. Miller***, 655 A.2d 1000, 1002 (Pa.Super. 1995).[2]

Here, appellant is not entitled to a sentencing credit for time-served from October 1, 2015 to November 8, 2016, because during that time he was serving his revocation sentence imposed by Judge Cunningham in No. CP-51-CR-0013124-2008. Based on the foregoing, we agree with Attorney Barrish that this appeal is wholly frivolous and that appellant is entitled to no relief on his time-credit claim. After our own independent review

---

[2] ***Miller*** involved a defendant who was arrested and charged with delivery of a controlled substance, and subsequently posted bail and was released from custody. Nearly four months later, during the pendency of the initial charge, Miller was arrested separately on an unrelated charge of aggravated assault. Shortly thereafter, Miller was charged separately with robbery associated with the same incident that had prompted the assault charge. He remained incarcerated for several months on the latter two charges, but ultimately was acquitted on those charges. During the pendency of those charges, Miller pleaded guilty to the drug charge, and sentencing had been deferred. Ultimately, over a month after his acquittal and release on the assault and robbery charges, Miller was sentenced to confinement for the drug charge. ***Miller***, 655 A.2d at 1001. Miller sought credit for all time served on the assault and robbery charges prior to his sentencing on the drug charge. However, the trial court gave him credit only for the days that he served on the drug charge between his arrest on that charge and when he posted bail. On appeal, Miller argued that Section 9760(4) required that he be granted credit for the time he was detained on the assault and robbery convictions of which he ultimately was exonerated. The ***Miller*** court disagreed, concluding that Section 9760(4) was inapplicable and "[c]redit is not given . . . for a commitment by reason of a separate and distinct offense." ***Id.*** at 1002-1003.

of the record, we discern no additional issues of arguable merit. Accordingly, we grant Attorney Barrish's petition to withdraw and affirm the May 24, 2018 order of the trial court.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/20