J-S32011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LANYERE AYERS ROCKAMORE | : | |
| | : | |
| Appellant | : | No. 288 WDA 2021 |

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002064-2017

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: JANUARY 7, 2022**

Lanyere Ayers Rockamore appeals from the order, entered in the Court of Common Pleas of Fayette County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel seeks to withdraw his representation on appeal pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and its progeny.[1] Upon review, we affirm the PCRA court's order and grant counsel's motion to withdraw.

_____

[1] Counsel erroneously seeks to withdraw under ***Anders***, ***supra***, instead of the proper procedure espoused in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc). ***See Commonwealth v. Smith***, 700 A.2d 1301 (Pa. Super. 1977) (counsel seeking to withdraw on direct appeal must satisfy ***Anders*** requirements, while counsel seeking to withdraw from post-conviction representation under PCRA must satisfy ***Turner*** and ***Finley***). We may, however, still review the petition to withdraw, because an ***Anders*** brief provides a defendant greater protection than a ***Turner***/***Finley*** letter. ***Commonwealth v. Widgins***, 29 A.3d 816, 820 n.2 (Pa. Super. 2011).

This Court previously summarized the relevant facts of this case as follows:

> On January 14, 2017, Rockamore was an inmate at SCI-Fayette serving a 20 to 40 year sentence for attempted homicide. He had completed almost 19 years of his sentence and was preparing for an impending parole hearing.
>
> Rockamore's unit in the prison was on lockdown and he was not permitted to leave his floor. However, when he was released from his cell to take a shower, he went down the steps to the lower floor. Corrections officer Keith Graft [] ordered Rockamore to stay upstairs. Rockamore disregarded the order and proceeded downstairs where he pulled an object out of his waistband and slipped it through the hole in another inmate's cell door. It was against policy for inmates to pass objects in this manner and Officer Graft ordered Rockamore to stop and reached for his radio to contact his sergeant for assistance.
>
> Before Officer Graft could call for help, Rockamore grabbed him by the shirt and struck him in the face. They began to struggle and Rockamore held him in a headlock. He pushed Officer Graft under the staircase and Officer Graft hit the back of his head on a steel beam. Rockamore continued to strike Officer Graft and pushed him against a wall before other corrections officers were able to respond. Officers then used pepper spray to subdue him.

*Commonwealth v. Rockamore*, 786 WDA 2019, at 1-3 (Pa. Super. filed Jan. 2, 2020) (unpublished memorandum decision).

Following a non-jury trial, Rockamore was convicted of aggravated assault, simple assault, disorderly conduct, and harassment.[2] The trial court sentenced Rockamore in the mitigated range to 5 to 10 years' incarceration to be served concurrently to his sentence for attempted homicide. Thereafter, Rockamore timely filed a post-sentence motion, which the court denied, and

---

[2] *See* 18 Pa.C.S.A. §§ 2702(a)(2), 2701(a)(1), 5503(a)(1), and 2709(a)(1) respectively.

a timely notice of appeal. On direct appeal, this Court affirmed Rockamore's judgment of sentence. On July 7, 2020, the Pennsylvania Supreme Court denied Rockamore's petition for allowance of appeal.

On August 3, 2020, Rockamore filed the instant PCRA petition, alleging eligibility for relief based on the imposition of a sentence greater than the lawful maximum. *See* 42 Pa.C.S.A. § 9543(b)(1)(vi). Therein, Rockamore argues that his sentence is unlawful where its effective date is the day of sentencing, April 18, 2019, rather than the date of the offense, January 14, 2017.[3] The PCRA court issued an opinion and order denying Rockamore's petition on January 14, 2021. Rockamore timely filed a notice of appeal to this Court. The PCRA court did not order Rockamore to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, on March 17, 2021, the PCRA court issued a statement in lieu of opinion, explaining that the issue Rockamore raised in his petition was meritless. On April 22, 2021, the PCRA court appointed James Natale, Esquire, as Rockamore's counsel.

Instantly, Attorney Natale has filed with this Court an application to withdraw and accompanying *Anders* brief; Rockamore has filed a *pro se* response thereto. With regard to withdrawal from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review

---

[3] Rockamore seeks credit for time served between those dates.

requires proof of: (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) the "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009); *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012).

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006),[4] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Id.* at 614.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of

---

[4] This Court's holding in *Friend* was subsequently overruled on other grounds by the Supreme Court in *Pitts*. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel has substantially complied with the **Turner**/**Finley** and **Friend** requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Rockamore and informed him of his right to proceed *pro se* or with privately retained counsel,[5] raised Rockamore's issues in the form of a brief, and explained why his claims are meritless. We now turn to an independent review of the record to determine whether his claims merit relief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.** The PCRA court's credibility

_____

[5] Delarosa has not raised any additional issues, either *pro se* or through private counsel.

determinations are binding on this Court where the record supports those determinations. **Widgins**, **supra** at 820.

In his PCRA petition, Rockamore asserts that his sentence is unlawful and he is entitled to credit for two years and 94 days of time served because the court ordered his 5-to-10 year sentence for assaulting Officer Graft to run concurrent with his 20-to-40 year sentence for attempted homicide, effective on the date of sentencing rather than the date of the assault. No relief is due.

Pursuant to 42 Pa.C.S.A. § 9760, a sentencing court shall give credit for time served as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for **all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed* or as a result of the conduct on which such a charge is based**. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence **if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts**. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that

- 6 -

occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

*Id.* (emphasis added). We have previously explained that a defendant shall be given credit for time spent in custody prior to the imposition of sentence "only if such commitment is on the offense for which sentence is imposed. Credit is not given [] for a commitment by reason of a separate and distinct offense." *Commonwealth v. Miller*, 655 A.2d 1000, 1002-03 (Pa. Super. 1995).

Rockamore seeks credit for his 2019 sentence based on time he spent in custody from January 14, 2017 to April 18, 2019. However, Rockamore's incarceration during that time was the result of his 1999 conviction for attempted homicide, not the assault of Officer Graft. Accordingly, he is not entitled to credit for time served, and his sentence is not unlawful. *Id.*; 42 Pa.C.S.A. § 9760. Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Dempster*, 187 A.3d at 272. As such, we grant Attorney Galloway's application to withdraw, and affirm the judgment of sentence

Order affirmed. Petition to withdraw granted.

This decision was reached prior to the retirement of Judge Musmanno.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/7/2022