J-S15043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALBERT ROSARIO | : | |
| | : | |
| Appellant | : | No. 1313 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 8, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000342-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALBERT ROSARIO | : | |
| | : | |
| Appellant | : | No. 1314 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 8, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000349-2024

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED:  September 12, 2025**

Albert Rosario appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County following his plea of guilty to one count each of possession with intent to deliver (PWID) and simple possession.[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16), (a)(30).

Rosario's counsel, Emily M. Merski, has filed an **Anders**[2] brief and a petition to withdraw. After careful review, we affirm and grant counsel's petition.

At the time of the alleged offenses, Rosario was imprisoned on unrelated charges. **See** N.T. Plea and Sentencing, 7/8/24, at 12:11-19. Rosario was charged with numerous felonies and misdemeanors related to two incidents of possession of controlled substances. **See id.** at 9-10. Rosario entered a negotiated guilty plea before the Honorable John J. Mead to one count of PWID and one count of simple possession. **See id.** at 12-14. The plea agreement provided for a stipulated sentence of 12 to 24 months' incarceration, consecutive to his previous sentence. **See** Defendant's Written Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 7/8/24. The court sentenced Rosario to the above-mentioned agreed-to sentence. **See** N.T. Plea and Sentencing, 7/8/24, at 17-20. Following *nunc pro tunc* restoration of his appellate rights, Rosario filed notices of appeal on both dockets, which we consolidated *sua sponte*. **See** Pa.R.A.P. 513.

In counsel's **Anders** brief, Rosario avers the court abused its discretion by imposing a sentence that was "manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code," that he was deprived of an opportunity to speak with counsel, and that his limited English proficiency fostered a misunderstanding of the plea. **Anders** Brief, at 3, 9.

---

[2] **See generally Anders v. California**, 386 U.S. 738 (establishing requirements for briefs from counsel when no non-frivolous grounds for appeal exist).

Separately, counsel notes that Rosario might aver that the court erred in not crediting him for time served while he was incarcerated—on other charges—between the time of arrest and sentencing in the instant matter. **See** Application for Reconsideration, 7/23/24, at 4.

"Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (citation omitted).

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw[.] By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314-15 (Pa. Super. 2024) (citations and quotation marks omitted). Further, counsel's **Anders** brief must meet the following requirements:

> [I]n the **Anders** brief [. . .] counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding

- 3 -

> that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Substantial compliance with [the *Anders*] requirements is sufficient." *Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015) (citation omitted).

Here, Attorney Merski fully complied with the requirements set forth above. Indeed, Attorney Merski filed an *Anders* brief that met the requirements set forth in *Santiago*.[3] *See Anders* Brief, at 4-7, 9-11. Further, counsel filed a petition to withdraw in this Court wherein she averred that she had "concluded a conscientious examination of the record" and determined that any appeal would be "wholly frivolous." Petition for Leave to Withdraw as Counsel, 2/27/25, at ¶ 3. Attorney Merski's letter to Rosario is attached as an exhibit to this petition and states that counsel included a copy of the petition and of the *Anders* brief. *See id.* at 6 (unpaginated). It informs Rosario of his right to "find or retain new counsel" or to "proceed *pro se*" and includes information on how to raise "any additional argument [. . .] to the [c]ourt." *Id.*

---

[3] Counsel's *Anders* brief contains a summary of the procedural history and facts. *See Anders* Brief, at 4-7. It includes quotes from Appellant's sentencing hearing and citations to the record. *See id.* at 10. Further, it states Attorney Merski's conclusion that any appeal is frivolous. *See id.* at 11. Finally, it contains the required discussion as to why counsel concluded that the only potential grounds for an appeal are frivolous. *See id.* at 9-11.

Having concluded that Attorney Merski fully complied with the **Anders** requirements, our review is as follows:

[W]e must give **Anders** a most generous reading and review "the case" as presented in the entire record with consideration first of issues raised by counsel. [. . . T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated.

**Yorgey**, 188 A.3d at 1197 (citations omitted).

Rosario's guilty plea limits our review as follows: "[A] plea of guilty amounts to a waiver of all non-jurisdictional defects and defenses. A defendant may generally only appeal matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence." **Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa. Super. 2020) (citations omitted). "When a negotiated plea includes sentencing terms, [. . .] the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1276 (Pa. 2014).

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.

- 5 -

* * *

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

* * *

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

**Commonwealth v. Pollard**, 832 A.2d 517, 522-23 (Pa. Super. 2003) (citations and quotation marks omitted).

In her **Anders** brief, counsel identifies the following claim for our review:

"Whether the [A]ppellant's sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code?"

**Anders** Brief, at 3. Counsel also notes that Rosario would raise claims that he was prevented from speaking with counsel and that his limited English proficiency prevented him from understanding the proceedings or the terms of the plea. **Id.** at 9. In effect, Rosario challenges the discretionary aspects of his sentence and the validity of his plea.

Here, Rosario acknowledges that he received the sentence for which he bargained. **See** N.T. Plea and Sentencing, 7/8/24, at 9:24-10:11, 19:20-20:6; **see also** Defendant's Written Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 7/8/24. Therefore, Rosario has waived any right to

challenge the discretionary aspects of his sentence. ***See Eisenberg***, 98 A.3d at 1276.

Moreover, as to the validity of his plea, we note that Rosario's statements to the court at sentencing contradict his assertions that he was prevented from speaking with his attorney and that his alleged limited English proficiency prevented him from understanding his plea. ***See*** Anders Brief, at 9-10. Indeed, the court repeatedly asked Rosario if he had any questions for his attorney, and Rosario repeatedly stated that he did not. ***See*** N.T. Plea and Sentencing, 7/8/24, at 10:12-17, 16:23-17:1. Additionally, nothing in the record supports Rosario's assertion that he was deprived of an opportunity to speak with counsel. ***See id.***

Further, although we recognize that Rosario informed the court that his "comprehension in English ain't that good," ***id.*** at 6:12-15, we note that when the court asked him if he did not wish to enter a guilty plea because of this lack of comprehension, he stated that he still wished to enter a plea. ***See id.*** at 6:16-20. Rosario repeatedly answered—and stated that he understood— the court's questions. ***See, e.g.***, ***id.*** at 10:5, 10:11, 10:17, 11:16, 12:5, 12:10, 14:19, 15:8, 15:11, 15:14, 15:17, 15:21. While most of his answers were in the form of "yes" or "no," he answered several questions with complete sentences, such as "Well, now you just broke it down so I'm good." ***Id.*** at 10:24-25. He also asked several questions throughout the proceedings, indicating both that he was able to comprehend the content of the proceedings and that he knew of his ability to ask questions. ***See, e.g.***, ***id.*** at 8:15, 8:18,

12:23. Rosario's comprehension of the proceedings was further established when he stated the judge "scared" him by misstating the sentence as 12 to 24 *years'* incarceration, instead of 24 months. *Id.* at 20:4. Moreover, Rosario directly answered all questions put to him at the appropriate time—for instance, without interrupting others—and with appropriate answers, *in English*, and without an interpreter. *See, e.g.*, *id.* at 15:3-24.

Having entered into a plea agreement, Rosario "cannot now recant his representations made under oath to the court" that he understood the nature of the proceedings and still wised to plead guilty. *Commonwealth v. Moser*, 921 A.2d 526, 532 (Pa. Super. 2007); *see also Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."). Therefore, Rosario's allegations relating to his purported lack of understanding the proceedings, his allegedly involuntary plea, and claimed lack of opportunity to meet with counsel, are wholly devoid of merit.

Having considered the issues raised by counsel, we now conduct an independent review of the record for any facial and non-frivolous issues. *See Yorgey*, 188 A.3d at 1197. Rosario asserts that he should have received credit for time served between his arrest and sentencing. *See* Application for Reconsideration, 7/23/24, at 4. "Pursuant to 42 Pa.C.S. § 9760(4), credit is to be awarded if, on the date of the defendant's arrest on charges for which he is being sentenced, he was already incarcerated for unrelated charges *for*

*which he was not given credit on any other sentence.*" **Commonwealth v. Miller**, 655 A.2d 1000, 1003 (Pa. Super. 1995) (emphasis added). Here, Rosario was arrested while he was already incarcerated under an unrelated sentence. He did not complete that sentence prior to sentencing in the instant case. That time served, for which he now seeks credit, was already credited against his prior sentence. **See id.** Therefore, Rosario was not eligible for any time served credit.

After thoroughly reviewing the issues raised in the **Anders** brief and after conducting our independent review of the record, we agree with Attorney Merski that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/12/2025